UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID H. TRAUTENBERG § | § |
| § | Case No. 2:23-cv-06525-BSL-KWR |
| Plaintiff, § | § |
| § | Judge Brandon S. Long |
| v. § | Section O |
| § | |
| SUSAN HUTSON, SHERIFF, ORLEANS § | Magistrate Judge Karen Wells Roby |
| PARISH § | Division 4 |
| § | |
| Defendant. § | |
| § | |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION

NOW COMES Defendant, Susan Hutson ("Defendant") in her individual and official capacities as Sheriff of Orleans Parish and submits the following reply to Plaintiff David H. Trautenberg's ("Plaintiff") Opposition to Defendant's 12(b)(6) Motion to Dismiss.

### I. Plaintiff's procedural arguments are an attempt to distract the Court from his deficient whistleblower claim premised on the alleged water bottle incident.

Incredibly, Plaintiff leads off by citing a case outside of the Fifth Circuit which undermines his own argument, *In re Am. Exp. Anti-Steering Rules Antitrust Litig.*, 343 F. Supp. 3d 94 (E.D.N.Y. 2018). Plaintiff contends that Defendant is trying to dismiss part of his complaint on the basis that one of his legal theories is faulty. (Rec. Doc. 13, p. 3). This is inaccurate—rather, Plaintiff's complaint has alleged separate and independent underlying violations of law premised on distinct sets of facts, one of which (the alleged water bottle incident) cannot support a claim under La. Rev. Stat. § 23:967 ("R.S. 23:937"). As the *Amex* court put it:

> No matter how a complaint is organized, one cause of action exists for each different set of facts underpinning each effective count. A cause of action that is based on one set of facts but that contains multiple, alternative legal theories supporting relief is still just one 'claim.'

1

*Id.* at 100.

It is one thing to allege a single set of facts and then provide alternative legal theories derived from those facts. Indeed, Plaintiff does this with his allegations about the water bottle incident by alleging one set of facts and then alleging that this set of facts amounts to a violation of both La. Rev. Stat. §§ 14:38 and 14:35. However, Plaintiff's two other alleged underlying violations of law each rely upon entirely different sets of facts from those related to the alleged water bottle incident, thereby amounting to separate claims. Plaintiff has folded these separate claims into a single "count" for whistleblower retaliation in a crafty attempt to insulate them from Defendant's Partial Motion to Dismiss, something which the *Amex* court clearly prohibited:

> Neither side may avoid this rule with artful pleading. For example, a plaintiff bringing multiple claims under one legal cause of action cannot simply collapse all of his distinct claims into one central "count," thereby proofing his complaint from a partial motion to dismiss. On the flip side, a defendant may not simply seek adjudication of facts in a complaint that are not dispositive of the pleas for legal redress. In order to define the "claims" in a complaint—and thus determine whether a motion seeks dismissal of any or all of these claims—the court must look beyond any formal distinctions among 'counts' 'causes of action' and 'claims,' and examine the facts alleged and the legal relief sought.

*Id*.

Accordingly, Plaintiff's argument that *Amex* somehow shields him from Defendant's partial Motion to Dismiss is without merit. Plaintiff alleges facts about the water bottle incident and then alleges that these facts entitle him to legal relief for reasons separate and independent of his other R.S. 23:967 claims.[1] These facts, taken to be true for purposes of this Motion, do not entitle Plaintiff to any legal redress under R.S. 23:967.

---

[1] Plaintiff's complaint alleges three violations of R.S. 23:967 (Rec. Doc. 1. ¶ 34-36). Each of these alleged violations relies upon a different underlying statute, and the alleged facts which constitute these alleged underlying violations of state law are separate and distinct from one another. Nowhere does Plaintiff allege that Morales' alleged actions related to the alleged water bottle incident violate either R.S. 42:1461(A) or R.S. 42:1115(A), the state laws on which Plaintiff bases his other whistleblower claims.

Plaintiff then turns to *Leal v. McHugh*, 731 F.3d 405, 414 (5th Cir. 2013) in support of his argument, yet Plaintiff distorts crucial language from *Leal* to reach his conclusion. Plaintiff claims that *Leal* permits a plaintiff "to plead both actionable and non-actionable statements of a claim 'together in one complaint without rendering [the claim] susceptible to dismissal…" (Rec. Doc. 13, p. 4). But this is not what the *Leal* court said. Rather, the court stated that:

> …non-actionable and actionable **claims** may be pled together in one complaint without rendering it susceptible to dismissal. So long as the complaint states a plausible claim for relief on the **actionable claim, that claim will withstand a motion to dismiss.**

*Leal*, 731 F.3d at 414 (emphasis added).

The distinction between the court's words and Plaintiff's distortion of those words is crucial. *Leal* permits actionable and non-actionable <u>claims</u> to be pled together in a single <u>complaint</u>, i.e. as separate claims. But nowhere does Defendant argue that Plaintiff's entire Complaint is subject to dismissal just because it contains a non-actionable claim. To the contrary, Defendant is seeking to have a non-actionable claim (the 23:967 claim based on the alleged water bottle incident) dismissed for the simple reason that Plaintiff's alleged facts about this incident, if true, do not entitle him to any relief under R.S. 23:967.

Plaintiff also cites a case from the Seventh Circuit, *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015), and argues that part of a claim cannot be dismissed. But Plaintiff's characterization of *BBL* (which is not controlling authority in the Fifth Circuit) misses the mark, for *BBL* addressed a different issue: "To begin, [the parties and the district court] split a single claim into multiple components based on the elements of the applicable constitutional test. The judge then granted the City's motion for judgment on the pleadings on certain elements of that single claim." *Id.* at 324-25. This is materially different from the case before the court, where Plaintiff has alleged multiple claims of separate, independent underlying violations of state law in

3

support of his 23:967 whistleblower claims. Furthermore, the *BBL* court did not conclusively determine whether the district court's splitting of a single claim into multiple components was improper, noting that "it's not strictly germane to this interlocutory appeal, so we don't need to resolve the question here." *Id*.

Plaintiff's procedural argument is nothing more than an exercise in smoke and mirrors to distract the Court from the fact that he is not entitled to any relief under R.S. 23:967 for the alleged water bottle incident.

**II. The alleged water bottle incident does not entitle Plaintiff to any relief under R.S. 23:967.**

Plaintiff begins by distorting Defendant's argument, characterizing it as an argument that employers "are free to retaliate against [their] employees for reporting the illegal acts of [their] other employees…" (Rec. Doc. 13, p. 6). This is yet another example of Plaintiff's disingenuous rhetoric. Defendant argues nothing of the sort. Rather, Defendant asserts that the underlying violation of state law on which a R.S. 23:967 claim is premised must be committed by an employer as the overwhelming authority cited in Defendant's motion to dismiss indicates.

Plaintiff then attempts to obfuscate the central issue (the fact that he has not alleged that Kristen Morales was his employer or supervisor as required by R.S. 23:967) by bringing in a discussion of vicarious liability from tort law. Vicarious liability for alleged tortious conduct is wholly irrelevant, for Plaintiff has not alleged any tort claims.[2] Plaintiff's next citation, *Sonnier v. Diversified Healthcare-Lake Charles, LLC*, 2022-420 (La. App. 3 Cir. 4/26/23); 364 So. 3d 1213, 1233, relies on cherry-picked language while omitting the key preceding sentence: "In addition to being an actual violation of state law, the violation of state law must be a workplace act or practice that can be attributed to the employer rather than a rogue co-employee." *Id.* (emphasis added).

---

[2] Plaintiff cites *Garcia v. Lewis*, 50,744 (La. App. 2 Cir. 6/22/16); 197 So. 3d 738 in support of his vicarious liability argument. Yet R.S. 23:967 is discussed nowhere in *Garcia*.

Moreover, *Sonnier* reaches its conclusion by citing *Ladd v. Law Enf. Dist. for Parish of Orleans*, 2022-0212, (La. App. 4 Cir. 10/5/22); 350 So. 3d 962, 967. *Ladd* concluded that "Louisiana's Whistleblower statute covers only serious violations committed by the employer, not illegal acts of a mere co-worker." *Id.* (emphasis added). However, Plaintiff's Complaint, which he declared to be true, only alleges illegal acts of a mere co-worker with respect to the alleged water bottle incident: "Assistant Sheriff Kristen Morales…assaulted and battered [Plaintiff]…in violation of [R.S.] 14:38 and 14:35." (Rec. Doc. 1, ¶ 36) (*see also* Rec. Doc. 1, p. 21 – sworn declaration of Plaintiff). Morales is not alleged to be Plaintiff's employer, nor is she alleged to be his supervisor, for he alleges:

> In her capacity as Sheriff, Hutson is the final policymaker, decision-maker, and appointing authority for OPSO. Pursuant to her written policies, only Hutson has authority to hire or fire one of her employees. She has not delegated that authority to anyone else.

(Rec. Doc. 1, ¶ 10.)

Plaintiff also alleges that he "served as an assistant sheriff and senior member of Hutson's leadership team." (Rec. Doc. 1, ¶ 14) and that Morales was an "assistant sheriff" (Rec. Doc. 1, ¶ 22). Accordingly, Plaintiff has alleged Morales to be his co-employee, rather than his employer or supervisor. Accordingly, Plaintiff's complaint does not allege that his employer committed "simple assault" and "simple battery," the alleged underlying violations of law on which he bases his 23:967 claim presently subject to dismissal.

Plaintiff then searches in vain for a lifeline in *Richardson v. Axion Logistics, LLC*, 780 F.3d 304 (5th Cir. 2015). However, *Richardson* predates Louisiana courts' interpretations of R.S. 23:967 in *Sonnier* and *Ladd* by nearly a decade, and the facts of *Richardson* were materially different from the facts alleged in Plaintiff's Complaint. In *Richardson*, the alleged unlawful conduct involved fraudulent billing practices committed by co-employees who were alleged to have been acting at

5

the <u>behest</u> of the employer. These allegations included that the employer's president directed that the fraudulent billing practices continue and the CEO took steps to ensure ongoing perpetration of the fraud. *Id.* at 306. Accordingly, the court's decision in *Richardson* hinged on the fact that the plaintiff's allegations were sufficient "to make plausible the allegation that [the employer] <u>authorized</u> the fraudulent billing practices of which [the plaintiff] complained." 780 F.3d at 307. (emphasis added). Contrast this with Plaintiff's Complaint, which fails to allege that Morales was acting at her employer's behest when she allegedly threw the water bottle at Plaintiff. Plaintiff attempts to rely on vicarious tort liability; however, none of the case law cited by Plaintiff in his opposition supports the application of vicarious tort liability to R.S. 23:967. Instead, decisions such as *Ladd* have expressly rejected vicarious employer liability in the 23:967 context, declaring (as discussed *supra*) that "Louisiana's Whistleblower statute covers only serious violations committed by the employer, not illegal acts of a mere co-worker." 350 So. 3d at 967. No amount of wish-casting by Plaintiff can change the plain language of the court's conclusion in *Ladd*.

Plaintiff's next argument about the definition of "employer" for purposes of R.S. 23:967 is a futile attempt to raise a red herring and distract from the inconvenient fact that Plaintiff has not alleged (and cannot allege) Morales to be his employer. Plaintiff claims that "employer" means one thing when evaluating who can be sued under R.S. 23:697 and another thing when evaluating the requisite underlying violation of law by an employer. Yet, tellingly, Plaintiff cites <u>zero</u> authority for this proposition. (Rec. Doc. 13, p. 10). Plaintiff also fails to cite the controlling authority on this subject which explicitly establishes that the definition of "employer" from Louisiana's Employment Discrimination Law, La. Rev. Stat. § 23:302(2)[3], applies to claims

---

[3] La. Rev. Stat. § 23:302(2) provides that "'Employer' means a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee." As explained in Defendant's Motion to Dismiss (Rec. Doc. 7-1, p.4), Plaintiff has not (and cannot) allege that he performed services for Morales, and in return,

6

brought under R.S. 23:967. *See Hanna v. Shell Exp. & Prod., Inc.*, 17-0293 (La. App. 4 Cir. 12/6/17), 234 So. 3d 179, 189 (concluding that the court "use[s] the definition of 'employer' as used in R.S. 23:302(2) for both Appellant's [R.S. 23:967] and LEDL claims")[4]. Because Plaintiff has not alleged Morales to be neither his supervisor nor his employer, his 23:967 claim based on Morales' alleged conduct during the alleged water bottle incident fails as a matter of law.

### III. Plaintiff incorrectly argues that the controlling authority permits him to circumvent Title VII via § 1983.

Tellingly, Plaintiff begins with *Brown v. Hartshorne Pub. Sch. Dist. #1*, 864 F.2d 680 (10th Cir. 1988), a case which, apart from not being controlling authority in the Fifth Circuit, involved a plaintiff who had brought <u>concurrent</u> Title VII and § 1983 discrimination claims and had exhausted her administrative remedies under Title VII. Plaintiff's next citation, *Ekaidi v. Bd. of Supv. of the Southern Univ. Sys.*, 2017 WL 699821 at *7 (E.D. La. Feb 22, 2017), again involved a plaintiff who had timely filed an EEOC charge and was not using § 1983 to circumvent Title VII's administrative requirements.

Plaintiff then cites two district court opinions, *Jones v. City of Port Arthur*, 2013 WL 149706, (E.D. Tex. Jan 11, 2013) and *Strong v. Grambling State Univ.*, 2014 WL 508513 at *4

---

received compensation from Morales. Likewise, although Louisiana courts have held supervisors to fall within La. Rev. Stat. § 23:302(2)'s definition of employer (*see, e.g. Ray*, 859 So. 2d at 272-3), Plaintiff fails to allege anywhere in his Complaint that Morales was his supervisor.

[4] *Hanna* was decided by Louisiana's Fourth Circuit Court of Appeal. This circuit includes Orleans Parish, where all events giving rise to Plaintiff's suit are alleged to have occurred and is the location of the state court which would have jurisdiction over this suit had Plaintiff brought his action in state court. Accordingly, *Hanna*'s application of R.S. 23:302(2)'s definition of "employer" to claims brought under R.S. 23:967 is controlling. In any event, courts beyond those in Louisiana's Fourth Circuit have routinely applied R.S. 2302(2)'s definition of "employer" to claims brought under 23:967. *See, e.g.*, *Ray v. City of Bossier City,* 37,708, (La. App. 2 Cir. 10/24/03); 859 So. 2d 264, 272, writ denied, 2003-3214 (La. 2/13/04) (applying R.S. 23:302(2)'s definition of "employer" to claims under R.S. 23:967); *Langley v. Pinkerton's, Inc.*, 220 F. Supp. 2d 575, 579-80 (M.D. La. 2002) (holding that "[Under R.S. 23:967], an employer may not take reprisal against its employees who direct attention to the employer's violations of law. [R.S. 23:967] does not define 'employer,' and…courts have interpreted La. R.S. 23:302(2)'s definition of 'employer' to apply") (emphasis added); *Jones v. JCC Holding Co.*, 01-0573, 2001 WL 537001 at *3 (E.D. La. May 21, 2001) (concluding that "La. R.S. 23:302[(2)] supplies the following definition of an 'employer'…This Court finds no reason that [R.S. 23:302(2)'s definition of 'employer'] would not equally apply to [plaintiff's] claims under La. R.S. 23:967…").

(W.D. La. Feb 6, 2014). Neither of these are controlling, and *Jones* reaches its conclusion by relying heavily upon two cases dealing with § 1981 race discrimination claims (*Evans v. City of Houston*, 246 F.3d 344 (5th Cir. 2001) and *Wiltz v. CHRISTUS Hosp. St. Mary*, 09-925, 2011 WL 1576932 at *6 (E.D. Tex. Mar. 10, 2011). Section 1981 is not at issue here and application of § 1981 jurisprudence is not warranted.

Plaintiff searches for a lifeline by citing *Strong*, where the district court indeed permitted a sex discrimination claim to proceed independently under § 1983. 2014 WL 508513 at *4. However, in doing so, the *Strong* court misinterpreted key language from *Southard*, stating "Moreover, 'circuits addressing the issue have allowed plaintiffs suing their public employers for sexual harassment and sex discrimination to assert claims under **both** Title VII **and** § 1983." 2014 WL 508513 at *4 (citing *Southard*, 114 F.3d at 550) (emphasis added). *Strong* misinterpreted "both" and "and" to mean "either" and "or." However, *Southard*'s use of "both" and "and" is crucial, for it leads to the necessary conclusion that a § 1983 sex discrimination claim can be brought in <u>conjunction</u> with a Title VII claim. It does <u>not</u> imply that one can ignore Title VII's statute of limitations and filing requirements and then use § 1983 as a loophole to escape these procedural defects, as the case law cited in Defendant's Motion to Dismiss makes clear.

Furthermore, if *Southard* stands for the proposition that a plaintiff can sidestep the 'detailed and specific' provisions of Title VII via § 1983 (as Plaintiff claims), why did the district court in *Gaudet* conclude otherwise when citing *Southard*? *Gaudet v. City of Kenner*, 12-86, 2012 WL 1995295 at *6 (E.D. La. June 4, 2012).

Plaintiff then attempts to attack *Becnel*—which is <u>directly</u> on point—by noting that *Becnel* did not cite *Southard*. This is true, as *Southard* itself does not address a situation such as the one presently before this Court where a plaintiff is trying to use § 1983 to circumvent Title VII.

Accordingly, the *Becnel* court had to look to other circuits for guidance and correctly determined that it was "not permissible" to "assert…discrimination and harassment allegations via § 1983 and to circumvent the administrative prerequisites of Title VII…" *Id.* Furthermore, when the plaintiff in *Becnel* appealed to the Fifth Circuit, she opted not to appeal the dismissal of her § 1983 sex discrimination claims. *See Becnel v. Dept. of Soc. Svcs.*, 463 Fed. App'x. 363 (5th Cir. 2012).

Finally, Plaintiff distorts Defendant's argument by trying to tie it to *Jackson v. City of Atlanta, Texas*, 73 F.3d 60 (5th Cir. 1996). In *Jackson*, the Fifth Circuit held that a plaintiff could not concurrently bring discrimination actions under Title VII and § 1983 where both actions were premised on an identical set of underlying facts. *Id*. at 63. While later decisions from the Fifth Circuit have disagreed with *Jackson*, (e.g., *Southard*, 114 F.3d at 549), neither *Jackson* nor *Southard* addressed a situation where a plaintiff willfully chose to ignore Title VII's remedial process and instead assert sex discrimination claims via § 1983. Plaintiff also continues to ignore the precedent from *Lakoski v. James*, 66 F.3d 751, 753 (5th Cir. 1995) where the court indicated its disapproval of attempts to circumvent Title VII's requirements via § 1983 claims.[5]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's 23:967 whistleblower retaliation claim premised on the alleged water bottle incident and § 1983 sex discrimination claims should be dismissed with prejudice.

---

[5] In *Lakoski*, a professor sued her university employer for sex discrimination asserting both 14th Amendment equal protection claims and claims under Title IX, both through § 1983. 66 F.3d at 753. The district court dismissed the 14th Amendment claims, and this dismissal was not at issue on appeal. *Id.* However, the Fifth Circuit voiced its displeasure of the plaintiff's conscious decision to ignore Title VII's filing requirements and assert her sex discrimination claims derivatively through § 1983, stating that the court was "not persuaded Congress intended [such a result]." *Id*.

Respectfully submitted this 10th day of April 2024.

        */s/ MaryJo L. Roberts*
        MARYJO L. ROBERTS, T.A. (La. Bar No. 30692)
        S. Mark Klyza (La. Bar No. 02028)
        Alexander J. Debruge (La. Bar No. 40752)
        The Kullman Firm
        A Professional Law Corporation
        1100 Poydras Street, Suite 1600
        New Orleans, LA 70163
        Telephone: (504) 524-4162
        Facsimile: (504) 596-4114
        mlr@kullmanlaw.com
        smk@kullmanlaw.com
        ajd@kullmanlaw.com

        *Counsel for Defendant*
        *Susan Hutson*