UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID H. TRAUTENBERG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6525** |
| **SUSAN HUTSON** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court is Defendant Sheriff Susan Hutson's partial motion[1] to dismiss Plaintiff David H. Trautenberg's complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion to dismiss is **DENIED**.

### I.  BACKGROUND

This is an employment-discrimination and whistleblower-retaliation case. Plaintiff David H. Trautenberg—the former Chief Financial Officer of the Orleans Parish Sheriff's Office—alleges that Orleans Parish Sheriff Susan Hutson discriminated against him because he is a man and fired him in retaliation for refusing to participate in or cover up Sheriff Hutson's alleged violations of state law.[2]

Trautenberg alleges that Sheriff Hutson fired him for whistleblowing about three general categories of law-breaking: (1) Sheriff Hutson's alleged misuse of Orleans Parish Sheriff's Office funds to pay for hotel rooms during Carnival; (2) Sheriff Hutson's alleged solicitation or acceptance of a prohibited cash gift; and (3)

---

[1] ECF No. 7.
[2] *See generally* ECF No. 1.

Assistant Sheriff Kristen Morales's alleged workplace assault and battery of Trautenberg when Morales allegedly "hurl[ed] a heavy bottle of water at his head."[3]

Citing each of those categories, Trautenberg sued Sheriff Hutson for whistleblower retaliation under Louisiana's whistleblower-retaliation statute, LA. STAT. ANN. § 23:967, and for sex discrimination under 42 U.S.C. § 1983.[4] Trautenberg does not bring a Title VII claim against Sheriff Hutson.

Now, Sheriff Hutson moves the Court to dismiss (1) the whistleblower-retaliation claim, but only "insofar as it relates" to Morales's alleged assault and battery; and (2) the Section 1983 sex-discrimination claims.[5] Trautenberg opposes.[6]

## II. LEGAL STANDARD

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not meet Rule 8(a)(2)'s pleading standard should be dismissed for failing to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at

---

[3] *See id.* at ¶¶ 21–24, ¶¶ 30–37.
[4] *See id.* at ¶¶ 30–37 (count one: whistleblower retaliation); ¶¶ 38–43 (count two: sex discrimination under Section 1983 against Hutson in her official capacity); ¶¶ 44–50 (count three: sex discrimination under Section 1983 against Hutson in her individual capacity).
[5] ECF No. 7 at 1.
[6] ECF No. 13.

555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Ultimately, "[t]o survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[courts] accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

## III.  ANALYSIS

Sheriff Hutson moves the Court to dismiss (A) the whistleblower-retaliation claim, but only "insofar as it relates" to Morales's alleged assault and battery of Trautenberg; and (B) the Section 1983 sex-discrimination claims in their entirety.[7]

### A.    Whistleblower-Retaliation Claim

Sheriff Hutson contends that Trautenberg fails to state a whistleblower-retaliation claim under Section 23:967 "insofar as" Trautenberg bases that claim on Morales's alleged assault and battery of him.[8] To state a whistleblower-retaliation claim under Section 23:967, Trautenberg must plead facts plausibly establishing that

---

[7] ECF No. 7 at 1.
[8] ECF No. 7-1 at 2.

3

"(1) [Sheriff Hutson] violated the law through a prohibited workplace act or practice; (2) [Trautenberg] advised [Sheriff Hutson] of the violation; (3) [Trautenberg] then refused to participate in the prohibited practice or threatened to disclose the practice; and (4) [Trautenberg] was fired as a result of [his] refusal to participate in the unlawful practice or threat to disclose the practice." *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 306 (5th Cir. 2015) (quotation and citation omitted).

The first of those four elements requires Trautenberg to plead facts plausibly establishing "that [Sheriff Hutson], rather than simply [her] employees, violated state law." *Id.* (citation omitted). To be actionable, "the violation of state law must be a workplace act or practice that can be attributed to" Sheriff Hutson as Trautenberg's "employer." *Sonnier v. Diversified Healthcare–Lake Charles, LLC*, 2022-420, p. 24 (La. App. 3 Cir. 4/26/23); 364 So. 3d 1213, 1233 (citation omitted). That is because "[t]he Louisiana Whistleblower Statute targets serious *employer conduct* that violates the law." *Fondren v. Greater New Orleans Expressway Comm'n*, 03-1383, p. 5 (La. App. 5 Cir. 4/27/04); 871 So. 2d 688, 691 (emphasis added) (citation omitted).

Sheriff Hutson reasons that Trautenberg cannot state a Section 23:967 claim based on Morales's alleged assault and battery because Section 23:967 requires an underlying violation of law by Trautenberg's "employer," and Trautenberg does not allege that Morales—a mere co-employee—was his "employer."[9] Trautenberg rejoins that Sheriff Hutson improperly aims to "dismiss" just one of several theories

---

[9] *Id.* at 2–5.

underlying his claim—rather than the claim itself.[10] Trautenberg adds that, in any event, Morales's alleged assault and battery can support his Section 23:967 claim.[11]

Trautenberg has the better argument. The Court assumes without deciding that Sheriff Hutson may move to dismiss just one of the three theories underlying Trautenberg's whistleblower-retaliation claim. Even so, Sheriff Hutson has not shown that the Court should dismiss that claim under Rule 12(b)(6) "insofar as" it rests on Morales's alleged assault and battery. A co-employee's violation of Louisiana law is attributable to the employer—and thus can support a Section 23:967 whistleblower-retaliation claim—if the employer "authorize[s]," *Richardson*, 780 F.3d at 307, or "condone[s], *Sonnier*, 364 So. 3d at 1233, the co-employee's violation of Louisiana law. *See Richardson*, 780 F.3d at 306–07 (reversing Rule 12(b)(6) dismissal of Section 23:967 claim because the plaintiff plausibly alleged that the employer "authorized" violations of Louisiana law committed by the plaintiff's co-employees).

That is what Trautenberg alleges here. According to Trautenberg's complaint, Sheriff Hutson "cover[ed] up Morales's" alleged assault and battery; Sheriff Hutson "refused to investigate" that alleged assault and battery or "hold Morales accountable" for it—even after Trautenberg had "met with Hutson and complained about" it; and Sheriff Hutson "told Trautenberg not to discuss Morales's attack with anyone again."[12] Taken together, these facts plausibly establish that Sheriff Hutson "authorized," *Richardson*, 780 F.3d at 307, or "condoned," *Sonnier*, 364 So. 3d at 1233,

---

[10] ECF No. 13 at 3–5.
[11] *Id.*
[12] ECF No. 1 at ¶ 24.

5

Morales's alleged assault and battery of Trautenberg. Trautenberg has thus "successfully pleaded that [Sheriff Hutson] violated state law through a prohibited workplace act or practice." *Richardson*, 780 F.3d at 307. So the Court denies Sheriff Hutson's motion to dismiss Trautenberg's whistleblower-retaliation claim "insofar as" Trautenberg bases that claim on Morales's alleged assault and battery of him.[13]

### B. Section 1983 Sex-Discrimination Claims

Sheriff Hutson contends that the Court should dismiss Trautenberg's Section 1983 sex-discrimination claims because they are merely "an attempt to circumvent" Title VII's administrative-exhaustion requirement and limitations period.[14] She essentially asks the Court to construe the Section 1983 claims as Title VII claims and to dismiss them because Trautenberg "failed to exhaust his administrative remedies by filing an EEOC charge within the 300-day period established by Title VII[.]"[15]

The Court must decline that invitation. Section 1983 affords Trautenberg a cause of action for sex discrimination independent of Title VII. *See Southard v. Tex. Bd. of Crim. Just.*, 114 F.3d 539, 550 (5th Cir. 1997). "Sex discrimination . . . in public employment," as Trautenberg alleges here, "violate[s] the Equal Protection Clause of the Fourteenth Amendment." *Id.* (citations omitted). That means "[t]he predicate" for Trautenberg's Section 1983 claim—his Fourteenth Amendment right to equal protection—is "a right independent of the right Title VII creates." *Id.* at 549 (quotation and citation omitted). Given the separateness of the rights protected by

---

[13] ECF No. 7-1 at 2.
[14] *Id.* at 5.
[15] *Id.* at 8.

6

Title VII and by a Section 1983 sex-discrimination claim, it comes as no surprise that "most circuits" to consider the question "have concluded that a plaintiff" like Trautenberg "may file a gender discrimination action against a non-federal defendant" like Sheriff Hutson "under Section 1983 without fulfilling the exhaustion requirements associated with Title VII." *Jones v. Hutson*, No. 23-5112, 2024 WL 2324873, at *3 (E.D. La. May 22, 2024) (Vance, J.) (collecting cases).

Judge Vance recently followed that clear consensus. *See id.* Rejecting the same exhaustion argument Sheriff Hutson raises here, Judge Vance held that a plaintiff who "pleaded claims for violations of the Equal Protection Clause through Section 1983 . . . was not required to exhaust administrative remedies before suit." *Id.*

So too here. Because Trautenberg pleads claims for sex discrimination in violation of the Equal Protection Clause through Section 1983, Trautenberg need not comply with Title VII's administrative-exhaustion requirement.[16] The Court denies Sheriff Hutson's motion to dismiss Trautenberg's Section 1983 claims on this basis.

---

[16] Judge Vance ultimately dismissed the plaintiff's Section 1983 sex-discrimination claim on the merits because she concluded that the plaintiff failed to plead facts plausibly establishing that he was treated less favorably than others outside of his protected class. *See Jones*, 2024 WL 2324873, at *5. Here, Sheriff Hutson does not argue that Trautenberg fails to plead facts plausibly establishing the elements of his Section 1983 sex-discrimination claim; she argues only that the Court should dismiss the claim because it is unexhausted and an attempt to "circumvent" Title VII's requirements.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Sheriff Hutson's motion[17] to dismiss is **DENIED**.

New Orleans, Louisiana, this 24th day of February, 2025.

                                            BRANDON S. LONG
                                            UNITED STATES DISTRICT JUDGE

---

[17] ECF No. 7.