UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID H. TRAUTENBERG § | |
| § | Case No. 2:23-cv-06525-BSL-KWR |
| Plaintiff, § | |
| § | Judge Brandon S. Long |
| v. § | Section O |
| § | |
| SUSAN HUTSON, SHERIFF, ORLEANS § | Magistrate Judge Karen Wells Roby |
| PARISH § | Division 4 |
| § | |
| Defendant § | |
| § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Susan A. Hutson ("Defendant"), Sheriff of Orleans Parish, in her official and individual capacities, and through undersigned counsel, respectfully submits to following Answer and Defenses to Plaintiff David Trautenberg's ("Plaintiff") Complaint (Rec. Doc. 1). Except as admitted, qualified, or affirmatively alleged in this Answer, Defendant denies each and every factual allegation in the Complaint and demands strict proof thereof. For ease of reference, the following Answer is structured in a manner analogous to the Complaint. Additionally, the unnumbered introductory paragraph below the Complaint's caption does not require a response from Defendant.

## THE PARTIES

1.      Defendant admits Plaintiff's name and admits Plaintiff's at the time the Complaint was filed. Defendant denies Plaintiff's present state citizenship and residency for lack of information sufficient to justify a belief therein.

1

2.      Defendant admits the allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Plaintiff's assertion that the parties are completely diverse is denied for lack of information sufficient to justify a belief therein. Defendant further denies that Plaintiff is entitled to any relief whatsoever.

4.      Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that the court has federal question jurisdiction, but denies the merits of Plaintiff's claims.

5.      Defendant admits the allegations in Paragraph 5 of the Complaint but denies all liability.

6.      Defendant expressly denies unlawful acts, or that Plaintiff suffered injury or damages attributable to Defendant. Defendant admits only that this Court is the proper venue for this dispute.

7.      Defendant admits the allegations in Paragraph 7 of the Complaint but denies all liability.

## FACTS

8.      Defendant admits the allegations in Paragraph 8 of the Complaint.

9.      Defendant admits the allegations in Paragraph 9 of the Complaint.

10.     The allegations in Paragraph 10 of the Complaint are denied as stated.

11.     Defendant admits the allegations in Paragraph 11 of the Complaint.

12.     The allegations in Paragraph 12 of the Complaint are denied as stated.

13. Defendant admits only that Plaintiff was terminated on March 27, 2023. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. The allegations in Paragraph 16 of the Complaint are denied as stated.

17. The allegations in Paragraph 17 of the Complaint are denied as stated.

18. The allegations in Paragraph 18 of the Complaint are denied as stated.

19. The allegations in Paragraph 19 of the Complaint are denied as stated.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. The allegations in Paragraph 22 of the Complaint are denied as stated.

23. The allegations in Paragraph 23 of the Complaint are denied as stated.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. The allegations in Paragraph 26 of the Complaint are denied.

27. The allegations in Paragraph 27 of the Complaint are denied for lack of information sufficient to justify a belief therein.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

## CAUSES OF ACTION

**Count 1:** **Retaliation under the Louisiana Whistleblower Statute against Sheriff Hutson in her official capacity**

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Paragraph 31 reincorporates prior factual and legal assertions and does not require a response from Defendant. To the extent a response is required, Defendant likewise reincorporates her prior responses to Plaintiff's factual and legal allegations as set forth herein.

32. Paragraph 32 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies violating La. Rev. Stat. § 23:967 or any other statute.

33. The allegations in Paragraph 33 of the Complaint are denied as stated.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant admits only that Plaintiff was terminated. Defendant denies the remaining allegations in Paragraph 37 of the Complaint.

**Count 2:** **Disparate-treatment Discrimination Because of Sex under the Fourteenth Amendment through Section 1983 against Sheriff Hutson in Her Official Capacity**

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies violating the Fourteenth Amendment Equal Protection Clause or any other statutory or Constitutional provision.

40. Paragraph 40 reincorporates prior factual and legal assertions and does not require a response from Defendant. To the extent a response is required, Defendant likewise reincorporates her prior responses to Plaintiff's factual and legal allegations as set forth herein.

41. Defendant denies firing Plaintiff because he is a man. Defendant further denies that she would not have fired Plaintiff if he were a woman. The remaining allegations in Paragraph 41 of the Complaint are denied as stated.

42. The allegations in Paragraph 42 of the Complaint are denied as stated.

43. The allegations in Paragraph 43 of the Complaint are denied.

**Count 3:   Disparate-treatment Discrimination Because of Sex under the Fourteenth Amendment through Section 1983 against Sheriff Hutson in Her Individual Capacity**

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies violating the Fourteenth Amendment Equal Protection Clause or any other statutory or Constitutional provision.

46. Paragraph 46 reincorporates prior factual and legal assertions and does not require a response from Defendant. To the extent a response is required, Defendant likewise reincorporates her prior responses to Plaintiff's factual and legal allegations as set forth herein.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. The allegations in Paragraph 48 of the Complaint are denied as stated.

49. Defendant admits that she knows a public employer may not fire a public employee because of his sex. Defendant denies the remaining allegations in Paragraph 49 of the Complaint.

50. The allegations in Paragraph 50 of the Complaint are denied.

## JURY DEMAND

In response to the unnumbered paragraph entitled "JURY DEMAND," Defendant admits only that Plaintiff has requested a jury trial. Defendant expressly denies that Plaintiff is entitled to any relief whatsoever.

## PRAYER FOR RELIEF

The unnumbered paragraph entitled "PRAYER FOR RELIEF" does not require a response from Defendant. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim against Defendant upon which relief can be granted, in whole or in part.

2. Plaintiff was an at-will employee of Defendant subject to discharge at any time for any lawful reason.

3. Defendant affirmatively asserts that she did not retaliate against Plaintiff for engaging in any protected activity whatsoever.

4.  Defendant affirmatively asserts that she did not discriminate against Plaintiff because of Plaintiff's sex or any other protected characteristic.

5.  Any employment-related actions taken against Plaintiff were undertaken for legitimate, non-discriminatory, and non-retaliatory reasons and/or reasonable and lawful factors and were a legitimate exercise of Defendant's business judgment. In the alternative, Defendant alleges that nondiscriminatory reasons alone would have induced her to make the same decision(s) and therefore any improper motive was not a substantial motivating factor in the decision(s).

6.  Plaintiff's causes of action are barred, in whole or in part, because Plaintiff failed, refused, and/or neglected to take adequate steps to mitigate or avoid the damages alleged in the Complaint. Additionally, or in the alternative, all amounts earned or earnable with reasonable diligence since the time of Plaintiff's separation from employment with Defendant must be offset against and reduce any monetary recovery sought in this case.

7.  Although having previously denied that Plaintiff is entitled to damages or any relief whatsoever, Defendant affirmatively pleads that Plaintiff's Complaint fails to allege facts or circumstances sufficient to support an award of punitive, exemplary, or any other damages under any applicable law. Further, Defendant affirmatively pleads that she did not intentionally or willfully violate any law or show a conscious or reckless disregard for any law, and did not manifest oppression, fraud, or malice with respect to Plaintiff's rights.

8.  Some or all of Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

9.  Some or all of Plaintiff's claims are barred by the doctrines of laches, estoppel, and/or unclean hands insofar as Plaintiff unreasonably delayed in making the assertions or claims raised

in the Complaint, his prior actions and/or inactions estop him from the recovery he now seeks, and/or Plaintiff contributed to and/or caused the alleged offenses asserted in the Complaint.

10. Some or all of Plaintiff's claims are barred by the doctrine of after-acquired evidence.

11. The actions or omissions alleged in the Complaint were based on legitimate, non-discriminatory, and non-retaliatory factors. Alternatively, the same acts or omissions would have occurred absent any alleged impermissible factors or motives.

12. Plaintiff is not entitled to some or all of the damages sought, including punitive or exemplary damages, as a matter of fact and/or as a matter of law and/or because the damages sought are unconstitutional, not properly pled, and/or not in conformity with or allowable by law. Further, any claim by Plaintiff for punitive or exemplary damages is barred by Defendant's good-faith effort to comply with the law.

13. Defendant did not violate the laws or legal claims cited in the Complaint; alternatively, Defendant made good-faith efforts to comply with such laws and, at all times relevant to this litigation, Defendant had reasonable grounds for believing that her actions with respect to Plaintiff were not in violation of any federal or state law, rule, regulation, or guideline.

14. Defendant affirmatively asserts that, at all times pertinent to the claims in the Complaint, Defendant had adequate workplace policies with respect to equal employment opportunities in the workplace and non-discrimination, and that these policies provided avenues through which aggrieved employees might make complaints of alleged discrimination.

15. One or more of Plaintiff's claims and/or causes of action are barred by the statute of limitations and/or liberative prescription.

16.     Plaintiff has failed to exhaust the requisite administrative remedies with respect to one or more of his claims.

17.     Plaintiff, in whole or in part, is unable to establish an actual violation of state law on which to base his whistleblower retaliation claims as required by La. Rev. Stat. § 23:967.

## **RESERVATION OF RIGHTS**

Defendant denies each and every conclusion, allegation, and implication of Plaintiff's Complaint not explicitly and expressly admitted herein and reserves the right to amend and/or supplement this Answer and to assert any additional defenses, affirmative or otherwise, and crossclaims and/or counterclaims, which may be discovered during the course of additional investigation and discovery.

**WHEREFORE, HAVING ANSWERED,** Defendant respectfully moves the Court, after due proceedings are had, to enter judgment in Defendant's favor on all allegations in Plaintiff's Complaint, to dismiss Plaintiff's claims with prejudice, to tax all costs against Plaintiff, to award Defendant her responsible attorney's fees, and to grant Defendant all other relief this Court deems proper.

Respectfully submitted this 6th day of March 2025.

                                              */s/ Alexander J. Debruge*
                                              MARYJO L. ROBERTS, T.A. (La. Bar No. 30692)
                                              S. Mark Klyza (La. Bar No. 02028)
                                              Alexander J. Debruge (La. Bar No. 40752)
                                              The Kullman Firm
                                              A Professional Law Corporation
                                              1100 Poydras Street, Suite 1600
                                              New Orleans, LA 70163
                                              Telephone: (504) 524-4162
                                              Facsimile: (504) 596-4114
                                              mlr@kullmanlaw.com

smk@kullmanlaw.com  
ajd@kullmanlaw.com

*Counsel for Defendant*
*Susan Hutson*